UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAMAR BARBARA,

    Plaintiff,

v.

HERE NORTH AMERICA, LLC,

    Defendant.

Case No. 16-cv-01650-RS

**ORDER DENYING HERE NORTH AMERICA'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**

**I. INTRODUCTION**

Defendant HERE North America, LLC ("HERE") moves for leave to file a motion for reconsideration of the order denying its motion for summary judgment. Because it is based on a flawed interpretation of the Court's order, the motion is denied.

**II. BACKGROUND**

On January 29, 2018, the Court issued an order denying HERE's motion for summary judgment on all of plaintiff Lamar Barbara's claims in connection with the termination of his employment at HERE. The order concludes that Barbara's allegations of racial animus on the part of his direct supervisor, Cyrus McGuire, were sufficient to raise a material issue of fact as to whether HERE's proffered nondiscriminatory reasons for Barbara's termination were in fact a pretext for discrimination. Accordingly, HERE's motion for summary judgment was denied as to Barbara's discrimination, retaliation, and wrongful termination claims. On February 21, 2018, HERE filed a motion for leave to file a motion for reconsideration of the Court's summary

judgment determination.

### III. LEGAL STANDARD

A party seeking leave to file a motion for reconsideration must show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. Local R. 7-9(b). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Civ. Local R. 7-9(c). "Any party who violates this restriction shall be subject to appropriate sanctions." *Id.*

### IV. DISCUSSION

HERE's proposed basis for reconsideration is that the order applies a mixed-motives analysis and manifestly failed to consider the parties' arguments that the *McDonnell Douglas* framework applied instead. This is an incorrect characterization of the Court's reasoning.

According to HERE, "the Court concluded that a jury could not rationally find HERE's reason for layoff was false, but that a triable issue remained as to whether the reason proffered was pretextual given that race might also have played a role." Mot. for Leave for Reconsideration at 2. Had this been an accurate interpretation of the Court's order, it would indeed have reflected an application of mixed-motive rather than burden-shifting analysis. Upon closer scrutiny, however, it is clear that HERE's motion for summary judgment was properly considered under the *McDonnell Douglas* framework, as briefed by the parties.[1]

---

[1] *See generally*, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

ORDER DENYING LEAVE TO FILE A MOTION FOR RECONSIDERATION
CASE NO. 16-cv-01650-RS
2

Barbara met his burden of establishing a *prima facie* case of race discrimination, thus satisfying the first prong of the three-stage burden-shifting test. HERE rebutted the presumption of discrimination by offering a legitimate, nondiscriminatory reason for terminating Barbara, citing a companywide reduction in force and Barbara's alleged job performance issues and lack of seniority. As the party with the ultimate burden of persuasion, it then fell to Barbara to produce evidence supporting a reasonable inference that unlawful discrimination more likely motivated his termination. He did so by pointing to evidence that McGuire, a primary contributor to the decision to fire Barbara, repeatedly demonstrated racial animus towards him. To reiterate, it was not the Court's position, as HERE characterizes it, that there was *no evidence* that HERE's proffered reason for termination was false. On the contrary, there were triable issues on the question of pretext in light of the fact that McGuire gave Barbara the poor job performance evaluation that purportedly justified singling him out for termination as part of the downsizing effort. Accordingly, reconsideration is not warranted.

In the alternative, HERE moves to certify a portion of the Court's January 29, 2018, order on an issue concerning Barbara's race harassment claim. Under 28 U.S.C. § 1292(b), a non-final order may be certified for immediate appeal on the grounds "(1) that there [is] a controlling question of law, (2) that there [are] substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

On summary judgment, HERE asserted that under the "sham affidavit rule," Barbara's declaration statements regarding the use of the n-word in the workplace should be disregarded because Barbara failed to mention the word's use at his deposition. Specifically, when asked about "any other comments that you allege you heard or directed at you in the workplace during your employment at HERE concerning your African-American race," Barbara responded, "I can't think of anything." According to HERE, there are substantial grounds for a difference of opinion as to the Court's conclusion that Barbara's deposition and declaration were not contradictory for the purposes of invoking the sham affidavit rule, which has not been addressed by the Ninth Circuit in

the employment harassment or discrimination contexts. The Court disagrees, and because Barbara's other claims will survive regardless of what happens to the race harassment claim, certification of this question to the Ninth Circuit will not materially advance the ultimate termination of this litigation. For those reasons, the motion to certify is denied.

## V. CONCLUSION

HERE's motion for leave to file a motion for reconsideration is denied, as is its alternative motion to certify a portion of the Court's summary judgment order.

**IT IS SO ORDERED**.

Dated: April 2, 2018

_____
RICHARD SEEBORG
United States District Judge